SWANN, Judge.
Thomas Bunk appeals from his judgment and sentence rendered after a jury found him guilty of rape.
His sole point of reversal is that the court erred in refusing to grant his motion for an opportunity to proffer testimony and evidence, outside the jury’s presence, to show that his identification by the prosecutrix was irreversibly prejudiced and tainted by unconstitutional police identification practices. He attempted to do this after the jury had been sworn in and excused for that day.
He argues that he should have been permitted to follow this procedure under the rules pronounced in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). It has been held, however that the rules requiring counsel to be present at pre-trial confrontations are prospective only and apply only to confrontations conducted after June 12, 1967. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). These rules are prospective and not retroactive in Florida. Ponder v. State, Fla.App.1969, 221 So.2d 437.
The photographic identification challenged herein took place prior to June 12, 1967. Bunk was indicted on June 8, 1967 for allegedly raping the victim between March 11 and 14, 1967, and a capias issued for his arrest on that date. The confrontation procedures announced in Wade and Gilbert would not apply retroactively to the alleged confrontation in this case.
In Perkins v. State, Fla.1969, 228 So.2d 382, the court limited the Wade and Gilbert procedures to post-indictment lineup. The “lineup” confrontation here was prior to indictment and under the authority of Perkins the appeal must also fail.
In addition, each case on this point must be considered on its own facts; Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), and appellant’s claim must be evaluated in the light of the totality of surrounding circumstances. Sto-vall v. Denno, supra.
Here, the victim was at a party in the home of a friend for approximately three hours. Bunk was present at the party. At the party, a Polaroid picture was taken of a group which included Bunk. At the request of the party host, Bunk and another agreed to drive the victim to her home. Instead of taking her home, they allegedly drove her to a remote spot in *41 Dade County and raped her. She identified Bunk to the police, within a short time after the alleged rape, by the polaroid picture which was in her possession. No oth- ., ... , , .. er person was identified and no discrepancy about the identification appears in the record.
Bunk does not deny any of these facts except to say that he took the victim home after the party and did not rape her. There appears to be no question that she was, in fact, raped. The victim was not cross-examined by the defendant concerning her positive in-court identification.
In Simmons, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, supra, it was said:
* * * * * *
“ * * * Despite the ' hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eye witnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidenti-fication may be substantially lessened by a course of cross-examination at trial which exposes to the j'ury the method’s potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. * * * ”
***** *
The totality of circumstances left no doubt to the jury or judge here that the identification of Bunk was correct and we find nothing improper about the identification procedure employed under these facts and circumstances.
_ ... The final judgment of conviction is
Affirmed,